By deed bearing date the 14th of December 1823, Richard Hoomes and Hannah his wife conveyed to *Page 235 
Norborne E. Sutton a tract of land in the county of Caroline, containing one hundred and thirty-two acres, more or less, in trust, to be sold, first, to pay off certain debts therein mentioned, and to indemnify Samuel Chiles as the surety of Hoomes in certain bonds; and then to pay over the balance of the purchase money, if any should remain, to Hannah Hoomes, in consideration of her relinquishing her right to dower in the land. The deed contained no warranty of title; and though signed by Hannah Hoomes, she was not privily examined.
The trustee seems to have sold the land at public auction, about the 1st of January 1824, when John Sutton became the purchaser at the price of 726 dollars, and was put in possession; and the trustee executed to him a transfer endorsed on the trust deed, in the following terms, viz:
"I assign, transfer, convey and deliver all that right, title and interest to John Sutton, jr., which was conveyed to me as trustee, by Richard Hoomes and Hannah his wife, for the purposes mentioned in the within deed; which land was purchased by the said John Sutton, jr. of me as trustee aforesaid, on the 15th of January 1824, and duly delivered on that day.
"Norborne E. Sutton, Trustee."
In September 1836, John Sutton, jr. filed his bill in the Circuit court of Caroline county, in which, after stating the conveyance by Hoomes and wife, and the sale by the trustee to him, he stated that eighty acres of the land so purchased by him, was claimed and held by a certain William W. Dickinson. That Richard Hoomes was dead, and his estate insolvent. That the debts secured by the deed were discharged, and that there was a considerable proportion of the purchase money in the hands of the trustee. And making the trustee Norborne E. Sutton, and Benjamin Gatewood *Page 236 
and Hannah his wife, who was Hannah Hoomes, and the administrator and heirs of Richard Hoomes deceased, parties defendants, he asked that the trustee might be restrained from paying over any part of the purchase money in his hands; and that he might be compelled to pay to the complainant so much thereof as would satisfy him for the land which he had lost; and for general relief.
The injunction was granted; and none of the parties having answered, the Court in April 1841, made a decree directing a commissioner to take an account of the purchase money paid by the plaintiff to the trustee; and also to enquire into and report the quantity and relative value of the land to which the title was defective: and the nature of the adverse title set up to it by Dickinson.
Before the commissioner made his report, the trustee filed among the papers in the cause, his answer to the bill, in which he says, that he sold only such title as was vested in him by the deed from Richard Hoomes and wife to him. That he did not know whether it was a life estate or a fee; and that he never heard the least complaint until long after the whole matter had been paid and settled by John Sutton, jr.
The commissioner reported that for thirty-seven acres of the land, Richard Hoomes held but a life estate, which had expired; though it did not appear whether the life estate had terminated before or after the conveyance by Hoomes to the trustee. These thirty-seven acres he estimated at 203 dollars 62 cents. And he reported that the trustee had in his hands, 308 dollars 6 cents of the purchase money, which he had held since the 6th day of June 1826.
In March 1844, Mrs. Gatewood filed her answer, in which she said she had never relinquished her right of dower in the land; but that she was willing to unite in the conveyance to the purchaser, provided the trust in her favour was complied with. *Page 237 
In September 1844 the cause came on to be finally heard, when the Court made a decree, perpetuating the injunction as to the sum of 203 dollars 62 cents, with interest thereon from the 13th of January 1825, and such further sum as would be equal to the costs expended by the plaintiff in this suit, and dissolving it as to the residue; without prejudice to any claims which Gatewood and wife, or the said Hannah, might have against the trustee, or against the lands, for her dower. And the decree further directed the trustee Norborne E. Sutton to pay to the plaintiff the said sum of 203 dollars 62 cents, with interest as aforesaid, and his costs, out of the proceeds of said lands. From this decree, Norborne E. Sutton applied to this Court for an appeal, which was allowed.
The appellant incurred no responsibility to the appellee by his sale as trustee, under the deed of trust in the proceedings mentioned, of the land thereby conveyed. Acting as trustee, he sold at public auction, such property and such title only as were vested in him by the deed, according to the terms therein prescribed, without any warranty; and it is not pretended that in *Page 238 
conducting and accomplishing the sale, he was guilty of any fraudulent act or misrepresentation, or even fell into any error or irregularity whatever. Nor does the appellee in his bill seek relief against him upon any other ground than the allegation, that a part of the proceeds of the trust sale remain in his hands, and ought to be subjected to the equity asserted against the other defendants.
The equity asserted by the appellee is founded upon an alleged deficiency in the tract of land conveyed by the trust deed, arising out of an alleged defect in the title of Richard Hoomes, the grantor therein, to a part of the land embraced within the boundaries thereof. And if that equity can be established, it must be upon the supposition that the grantor and cestuis que trust in the deed are to be affected by such defect of title.
In this case, the question does not occur whether the purchaser at such a sale by the trustee, is entitled to the benefit of a clause or covenant of warranty in the conveyance from the grantor to the trustee. Here there is no clause or covenant of warranty in the deed: And if the purchaser is entitled to relief, it must be upon the ground of a mistake in regard to the subject-matter of the contract.
We need not consider whether there may not be cases of mistake, in respect to the identity of land sold by the trustee with that conveyed by the grantor, which would be proper for relief in a Court of equity. Here if there was any mistake, it was not of that nature. The property sold was the identical property conveyed by the deed; and there was no room for any mistake, unless in regard to the validity of the grantor's title. A mistake in respect to that matter, is no ground for relief to a purchaser, where he takes upon himself the risk as to the title, as he does when he purchases land without agreement, express or implied, for a conveyance with warranty of the title. *Page 239 
The principle upon which equity relieves against a mistake in the estimated quantity of land sold, has no application to a case like this. The foundation of such relief is, that the price agreed upon by the parties must be presumed to have been influenced by the estimated quantity, unless it appears that they intended a contract of hazard; and the mistake is corrected not only in cases of deficiency, but also in cases of excess. Here there was no estimate of the quantity as between the trustee and the purchaser, but a mere statement thereof in the grantor's conveyance to the trustee. That statement was mere matter of description, and was no element of the contract between the grantor and the trustee, for which the consideration enured not from the trustee, but the cestuis que trust, and was in no wise dependent upon the supposed quantity of the land. The purpose of the conveyance was, that the property should be sold by the trustee, at all events, for whatever it would bring, and the grantor undertook no responsibility either as to title or quantity. If the quantity had turned out after the sale by the trustee to be greater than that mentioned in the deed, neither he, nor the grantor, nor the cestuisque trust, could have exacted from the purchaser compensation for the excess; and by parity of reason, they are not responsible for a deficiency.
There is no principle, therefore, whether of defective title or deficient quantity, upon which the appellee is entitled to relief; and it is unnecessary to consider the other questions of law and fact which have been discussed at the bar. And the Court is of opinion, that the decree of the Circuit court is erroneous.
Decree reversed with costs, restraining order set aside, and bill dismissed with costs. *Page 240